Decision
PER CURIAM:
€1 D.D. (Father) and R.B. (Mother) (collectively Parents) appeal from the orders granting the voluntary relinquishment of their parental rights, We affirm.
12 Parents argue that the juvenile court lacked jurisdiction to accept their voluntary relinquishments of parental rights.[2] Specifically, they argue that jurisdiction over the matter had fully transferred to the Cheyenne River Sioux Tribe (the Tribe). The Indian Child Welfare Act of 1978 (ICWA) "creates concurrent, but presumptively tribal, jurisdiction in proceedings involving Indi *595 an children not domiciled on a reservation." In re D.A.C., 988 P.2d 998, 996 (Utah Ct.App. 1997). Section 1911(b) of ICWA provides that in any state court proceeding involving an Indian child not residing within a reservation, the state court shall transfer the proceeding to the tribe unless good cause exists not to transfer the case. 25 U.S.C. § 1911(b). However, the tribe may decline any such transfer. Id.
18 After monitoring the case for approximately one year, the Tribe filed a motion to transfer the case to its tribal court. In response to the motion, the juvenile court found that good cause existed not to transfer jurisdiction to the tribal court due primarily to the fact that the case was in an advanced stage of litigation and all relevant witnesses resided in Utah. However, the juvenile court indicated that the good cause could be overcome if "the Tribe came to Utah to hold these proceedings and tried the matter at the same current level." We see nothing in the record, nor do Parents point us to any information, demonstrating that the juvenile court ever issued an actual order transferring jurisdiction to the Tribe. After the juvenile court's announcement of its good cause determination, the Tribe explored the option of sending a tribal judge to Utah County to conduct a trial and remained in contact with the juvenile court regarding that possibility. However, on June 17, 2013, the Tribe expressly declined jurisdiction in the matter. Accordingly, the juvenile court never issued an order transferring jurisdiction to the Tribe, and the Tribe declined to accept jurisdiction in any event. Under these cireum-stances, the juvenile court retained jurisdiction to accept Parents' relinquishments of parental rights.
1 4 Affirmed.

. Subject matter jurisdiction may be raised at anytime. See Housing Auth. of Cnty. of Salt Lake v. Snyder, 2002 UT 28, ¶ 11, 44 P.3d 724. Accordingly, Parents may raise this issue despite the fact that they voluntarily relinquished their parental rights.